Degout v. O'Brien    Doc. 3

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 3 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD DEGOUT, ) | |
| Petitioner, ) | Civil Action No. 7:07-cv-00374 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| T. O'BRIEN, WARDEN, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Richard Degout is a federal inmate at the United States Penitentiary in Lee County, Virginia ("USP Lee"), proceeding pro se. He submits this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Because Degout is challenging the imposition of his conviction and sentence rather than the execution of his sentence, his claims are not cognizable under § 2241. The court will thus construe his petition as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, and dismiss it as successive. See § 2255 para. 8.

I

Degout was convicted in this court in 1994 of conspiracy to distribute cocaine base, continuing criminal enterprise involving an intentional killing related to drug distribution, and related charges. The court sentenced him to life without parole. The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentences on appeal, and the United States Supreme Court denied his petition for a writ of certiorari. United States v. Ismel, 153 F.3d 723, 1998 WL 486356 (4th Cir. 1998) (unpublished), cert. denied, 525 U.S. 1047 (1999). Degout then filed a § 2255 motion in this court, Case No. 7:99-cv-00844. The court denied relief, and the court of appeals denied him a certificate of appealability and dismissed his appeal.

1

Degout filed his current petition on or about August 2, 2007. He asserts that this court did not have jurisdiction to sentence him to life imprisonment, based on the evidence that he committed an intentional killing in relation to drug trafficking activities, because the killing was not committed within a "federal enclave." Degout states that he raised this claim before the court of appeals in a successive § 2255 motion, in which he also argued that he is actually innocent of the facts on which his life sentence is based. The court of appeals dismissed this successive motion without an opinion on February 13, 2006. Degout argues that because the successive petition bar in § 2255 para. 8 prevents him from bringing his current claims under § 2255, he is entitled to pursue these claims in a § 2241 petition. He is mistaken.

II

Section 2241 allows a federal prisoner to seek a petition for writ of habeas corpus in the district where he is confined, but only when § 2255 proves to be "inadequate or ineffective to test the legality of detention." [1] In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); § 2255 para. 5. In the Jones decision, the court of appeals emphasized that "[i]t is beyond question that § 2255 is not inadequate or ineffective <u>merely</u> because an individual is unable to obtain relief under that provision. . . . A contrary rule would effectively nullify the gatekeeping provisions" of § 2255 itself. 226 F.3d at 333 (emphasis added). See also In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion.") (citations omitted). At the same time, the court recognized that

---

[1] Degout was sentenced in this court and is also now housed at USP Lee, within this court's jurisdiction for a § 2241 petition.

2

§ 2241 must still be available to federal prisoners under some circumstances or the "savings" clause in § 2255 para. 5 would be meaningless. Jones, 226 F.3d at 333. Accordingly, the court opened a narrow window of opportunity for federal prisoners to seek habeas relief from a conviction under § 2241:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Degout's claims—of actual innocence and lack of jurisdiction to enhance his sentence for murder— clearly fail to meet the standard set forth in Jones. He fails to demonstrate that any change of law since his first § 2255 motion was filed has made it legal to conspire to distribute large amounts of cocaine base or to murder someone in relation to such trafficking. Indeed, all of the conduct for which he stands convicted and sentenced remains prohibited under federal criminal law. Accordingly, he fails to meet the second prong of the Jones standard and so cannot demonstrate that § 2255 is inadequate and ineffective to test the legality of his confinement, and as such, he is not entitled to bring his claims under § 2241.

Moreover, Degout's claims clearly fall within the category of claims cognizable under § 2255. Section 2255 provides that a person in custody under a federal sentence may move the sentencing court to vacate, set aside or correct his criminal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack." See, e.g., United States v. Addonizio, 442 U.S. 178, 185-86 (1979). The court, therefore, construes Degout's petition as a § 2255 motion to vacate.

Once so construed, Degout's claims must be dismissed as successive, pursuant to § 2255 para. 8. As stated, Degout has already litigated a § 2255 motion challenging these same convictions and sentences. Thus, his current § 2255 motion is a second or successive one. Under § 2255 para. 8, a district court may consider a second or successive § 2255 motion only upon specific certification from the appropriate court of appeals that the claims in the motion meet certain criteria. As Degout admits that he was unable to obtain such certification from the United States Court of Appeals for the Fourth Circuit related to his current claims, this court must dismiss the present petition as a successive § 2255 motion. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner.

ENTER: This 23rd day of August, 2007.

/s/ James C. Turk
Senior United States District Judge